### JOHN L. WALDSCHMIDT V. WILLIS G. BOWLAND.

1. GRANTEE ASSUMING ASSESSMENTS ESTOPPED FROM CLAIMING THAT PROPERTY NOT BENEFITED BY IMPROVEMENT, ETC.

> A grantee of real property who assumes and agrees to pay a certain street assessment against the property as part consideration for his purchase, is estopped from thereafter contesting the validity of the assessment on the ground that the property is not specially benefited thereby.

2. GRANTEE ASSUMING CERTAIN ASSESSMENT PRESUMED TO KNOW AMOUNT OF SAME, ETC.

> A grantee of real property is presumed to know that a certain assessment is a lien against the property, and also the amount thereof, by accepting a deed containing a covenant that the premises are clear and free of all incumbrances except the taxes "and all assessments for the improvement of Third street (the street on which the premises abut) under the Taylor law, which grantee assumes and agrees to pay as part of the purchase money herein," notwithstanding the ordinance assessing the property was not passed until after the purchase; but a general assumption of assessments, without specifying any particular one, will not estop a grantee who purchased before the assessing ordinance was passed.

APPEAL for Franklin common pleas court.

O. H. Mosier, for plaintiff:

Estoppel. *Walsh* v. *Sims*, 65 Ohio St. 211 [62 N. E. Rep. 120].

J. M. Butler, for defendant.

SULLIVAN, J.

That a street improvement of the character made upon this street, there is certainly no question, but what the abutting property is specially benefited thereby.

The exact extent of such special benefits is frequently difficult of definite proof.

The present case is no exception to this rule. It is, as in this case, so often a matter of opinion, as to make it most difficult at least for the courts, to determine to an absolute certainty, the benefits conferred. In this case, with but two exceptions, all the witnesses called by plaintiffs have testified, that the abutting property was worth no more after than before the improvement. The majority of those so testifying are owners and occupiers of abutting property, and liable for the assessments. The testimony of nearly all the witnesses called is to the effect, that the property along this street, is owned and occupied, by persons who purchased the property for permanent homes, and not

Waldschmidt v. Bowland.

for speculation, or sale, and hence the opinions expressed as to the market value before and after the improvement, had for their basis only two or three sales of property on this street.

We think it may be safely assumed, that one who purchases for, and occupies property as, a permanent home, gives to the market value of his property as it may be affected by various causes from time to time, no consideration. It is not for sale and was not purchased for sale and hence what its market price may be gives him little or no concern. This cannot be said to be the case, with those who purchase to sell, or would sell, if they could realize a profit. Neither can it be said of those persons who make it a business to negotiate both sales and purchases, and who necessarily must be informed, as to the various causes affecting the market value of real estate. The opinions of such persons however, are to be viewed in the light of actual sales, when a sufficient number have been made to indicate with a degree of certainty at least the market value.

In this case we have the witnesses for plaintiffs, with the exception above stated, testifying that the abutting property received no special benefit from the improvement, whilst those called by the defendant who with one or two exceptions were experts—men engaged in negotiating sales—testified that the special benefits were from $8 to $10, to $15 per front foot. The amount below, upon this same testimony, reduced the assessment $1.50 per front foot. The trial judge being familiar with the street and abutting property took the pains of making a personal view of both.

Louis Sidensticker called by plaintiffs who owns and occupies property on this street, and assessed for the improvement, states that in his judgment the special benefits to the property was about $6.50 per front foot. The judgment of this witness impressed this court very favorably. If he was prejudiced at all, it is safe to assume it would be in favor of the plaintiffs. His testimony impresses the court that he was without prejudice. He purchased a lot of some thirty-one feet front before the improvement, paying $1,200, which in his judgment was $200 more than its market value at the time, and that after the improvement, its market value was increased at least $200—making the special benefits per front foot about $6.50. He explains why he paid more than the market value when he purchased. The testimony of the expert witnesses in view of all the testimony as to the few sales made, we think place the benefits too high, and whilst absolute certainty is not possible, we are of the opinion that the assessment as reduced by the court below

is correct, and therefore on the question of benefits, the decree of this court will be the same.

The language appearing in the deed of Barbara Meinert to Peter G. Meinert, creates an estoppel against the grantee. The assumption by him to pay the assessment in controversy, constituted a part of the consideration for the premises, or to put it more concisely, the assessment together with 'the amounts of money expressed in the deed, constituted the whole consideration. There is no ambiguity on this provision of the deed, and no presumption arises, that the parties intended that the language used should be construed to mean any other than the ordinary signification of the words. We are of the opinion, that this provision in the deeds comes clearly within Caldwell v. Columbus, 1 O. S. C. D. 612 (37 Bull. 270). The assessments are named in this provision of the deed, being those for the improvement of Third street in front of said premises. Benjamin Smith by consent of defendant and leave of this court was made a party plaintiff after the appeal. He is the owner of lot 141 Jaeger addition to the city abutting upon Third street and is assessed. He purchased from Nicholas S. Ohler taking a deed therefor July, 1892, in which the following provision appears in the covenants of the deed: "Free and clear from all incumbrances whatsoever except the taxes for 1892 and all assessments for the improvement of Third street under the Taylor law which grantee assumes and agrees to pay as part of the purchase money herein."

Plaintiff Smith contends that this provision in the deed does not constitute an estoppel and that he has a legal right to challenge the assessment. The reason assigned for this contention is, that at the date of the deed the assessment ordinance had not been passed. We think this contention is not good as the resolution declaring the necessity for the improvement was passed by the city council July 19, 1891, and the ordinance ordering the improvement was passed August 24, 1891. The provision in the deed in view of the passage of the foregoing resolution and ordinance on the dates above stated, and that council passed the ordinance assessing the property September 26, 1892, a few days after the purchase by Smith, support the conclusion that the parties knew that the assessment was a lien upon the property, and also the amounts of same at the date of the deed and the assumption by Smith to pay the same as a part consideration for the property, was with knowledge of the amount of the assessment.

Daniel Hellwig purchased from Henry Stehle, January 11, 1892, after the resolution to improve and ordinance ordering the improvement and before the assessing ordinance was passed. The provision in

Waldschmidt v. Bowland.

his deed does not specify any particular assessment for the improvement of any particular street, hence it cannot be said that the assumption expressed in his deed related to and covered the assessment alone upon Third street for which reason we think he is not estopped.

The decree of this court will therefore be the same as that of the court below on the question of estoppel excepting therefrom Daniel Hellwig—and also that Smith is estopped from challenging the assessment. There will be abated from the assessment upon the Hellwig property, the sum of $1.50 per front foot, and that he pay whatever may remain of the assessment after such abatement and the costs may be taxed as in the decree of the court below.

**Dustin** and **Wilson, JJ.,** concur.